IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES YANSICK, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL-HAMILTON, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 17-7697 (JBS/KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Plaintiff's motion for remand pursuant to 28 U.S.C. § 1447 [Docket Item 7], which will be granted for the following reasons:

   1.   The relevant chronology is straight-forward. On or about July 12, 2017, Plaintiff initiated the instant action by filing a Complaint in the Superior Court of New Jersey, Burlington County under Docket No. BUR-L-1578-17. [Docket Item 1 at ¶ 1 and Ex. A.] Thereafter, on or about September 7, 2017, Plaintiff filed a First Amended Complaint, which he subsequently served upon the Defendants, Robert Wood Johnson University Hospital-Hamilton, et al. [Id. at ¶¶ 1-3.] In the First Amended Complaint, Plaintiff alleged age discrimination under the Federal Age Discrimination and Employment Act, 29 U.S.C. §§ 631, et seq., and the New Jersey Law Against Discrimination, N.J.S.A. §§ 34:19-1, et seq. [Id. at ¶¶ 4-6 and Ex. A.] On September 29,

2017, Defendants removed the action to this Court based on federal question jurisdiction. [Docket Items 1, 1-1, 1-2, 1-3.]

2. Shortly after removal to this Court, Plaintiff voluntarily dismissed with prejudice his Federal Age Discrimination and Employment Act claim [Docket Item 6], and simultaneously filed this motion seeking remand of the action to state court due to his dismissal of federal claims. [Docket Items 7, 7-1, 7-2, 7-3, 7-4.] Plaintiff does not contend that removal was improper or defective. [Id.] Rather, Plaintiff correctly points out that his withdrawal of the sole federal claims upon which removal was based make remand of all remaining state law claims appropriate. [Id.]

3. This Court lacks subject matter jurisdiction over the remaining claims arising at state law, since the parties are non-diverse. While the Court could conceivably exercise supplemental jurisdiction over the remaining related claims under 28 U.S.C. § 1367(a), it will not do so since there has been essentially no active litigation in this forum, other than this remand motion and the cancellation of the initial scheduling conference pending adjudication of this remand motion.

4. Moreover, 28 U.S.C. § 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [in a removed

2

case], the case shall be remanded." This being the present situation, Plaintiff's motion for remand will be granted.

5.  Notwithstanding the correctness of Plaintiff's position on remand, Defendants seek imposition of defense fees and costs associated with removal, arguing that Plaintiff has manipulated the pleadings in an unfair manner. [Docket Item 10 at 3.] Defendants invoke Carnegie-Mellon Univ. v. Cohill for the proposition that a "court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," additionally considering "principles of economy, convenience, fairness, and comity." 484 U.S. 343, 357 (1988).

6.  While there are situations where such manipulations are both unfounded and unfair, this case does not present one of them. Here, Plaintiff chose to initiate the case in the Superior Court of New Jersey and added the federal claim for age discrimination. Defendants properly removed the case. Defendants' removal, standing alone, seems to have achieved a victory for Defendants on the federal claim which Plaintiff then withdrew with prejudice. Under these circumstances, the consideration for Defendants' efforts in removing the case to federal court is the dismissal of what may have been a substantial federal claim, with prejudice. Each side should bear its own costs and fees.

7. The accommodating Order for Remand will be entered


**June 29, 2018**                              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               U.S. District Judge